**Joseph S. HARRIS, Appellant,**

v.

**H. Schuldt REEDEREI, Appellee.**

**No. 78–1380.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 8, 1979.

Decided March 8, 1979.

C. Arthur Rutter, Jr., Norfolk, Va. (John H. Klein, Breit, Rutter & Montagna, Norfolk, Va., on brief), for appellant.

Michael F. Leban and Charles R. Dalton, Jr., Norfolk, Va. (Seawell, McCoy, Dalton, Hughes, Gore & Timms, Norfolk, Va., on brief), for appellee.

Before WINTER, RUSSELL and WIDENER, Circuit Judges.

PER CURIAM:

In appealing from a judgment in favor of the shipowner in his action to recover for injuries allegedly sustained by him while working as a longshoreman by reason of the defendant shipowner's negligence, the plaintiff longshoreman assigns error in the failure of the district court, in its instructions to the jury, to submit his proposed instruction on the shipowner's duty to a longshoreman working on the latter's vessel. Since the requested instruction was concededly contrary to the rule as

---

declared in *Chavis v. Finnlines, Ltd., O/Y* (4th Cir. 1978) 576 F.2d 1072, and *Riddle v. Exxon Transp. Co.* (4th Cir. 1977) 563 F.2d 1103, the district court did not err in refusing the instruction.

■ The plaintiff has also challenged the district court's refusal to include in its jury charge a statement of the sums received by him for medical benefits and indemnity compensation benefits under the terms of the Longshoremen's and Harbor Workers' Compensation Act. In the context of a suit in which the longshoreman is the sole plaintiff, it was not error to refuse to so charge the jury. *Cf., Riddle v. Exxon Transp. Co., supra.*

The judgment of the district court is accordingly

*AFFIRMED.*