**Joseph S. HARRIS, Appellant,**

v.

**H. Schuldt REEDEREI, Appellee.**

**No. 78–1380.**

United States Court of Appeals,
Fourth Circuit.

Submitted June 17, 1981.

Decided Aug. 11, 1981.

C. Arthur Rutter, Jr., John H. Klein, Norfolk, Va. (Breit, Rutter & Montagna, Norfolk, Va., on brief), for appellant.

Charles R. Dalton, Jr., Michael F. Leban, Norfolk, Va. (Seawell, McCoy, Dalton, Hughes, Gore & Timms, Norfolk, Va., on brief), for appellee.

Before WINTER, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.

PER CURIAM:

This case is before us for a second time. In our first opinion, we affirmed the judgment of the district court entered on the jury's verdict for defendants in this action under section 5(b) of the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 905(b). *Harris v. Reederei,* 596 F.2d 92 (4 Cir. 1979). The Supreme Court granted certiorari and remanded the case to us for further consideration in light of *Scindia Steam Navigation Co. v. De Los Santos,* 451 U.S. ——, 101 S.Ct. 1614, 68 L.Ed.2d 1 (1981). *Harris v. Reederei,* —— U.S. ——, 101 S.Ct. 2038, 68 L.Ed.2d 343 (1981). Following remand, each of the parties has moved for summary disposition in his favor. We grant plaintiff's motion and reverse and remand the case to the district court for a new trial.

Joseph Harris, a longshoreman, injured his hand while loading hogsheads of tobacco aboard the vessel Mexican Trader in December 1975. Though the facts surrounding the injury are disputed, evidence was produced at trial to show that the injury resulted from a defect in a winch which was part of the ship's equipment, that the defect was brought to the attention of a ship's mate, and that the mate instructed the

longshoreman to continue loading until he could have the winch repaired.

Harris sued the shipowner under § 5(b) of LHWCA after having collected his statutory workmen's compensation benefits from his employer, Southern Stevedoring Corp. At trial, the district court instructed the jury that a shipowner has the duty to warn business invitees such as Harris of "latent or hidden dangers," but that:

> The shipowner has no duty to warn of conditions of the vessel which are open, obvious or comprehensible to any reasonable person exercising reasonable care.

The district court refused to give plaintiff's proffered instruction, based on § 343A(1) of the Restatement (Second) of Torts, that:

> The defendant is not liable to a longshoreman such as plaintiff for physical harm caused to them by any activity or condition on the vessel whose danger is known or obvious to them, unless the defendant should anticipate the harm to the longshoreman despite such knowledge or obviousness.

The jury returned a verdict for defendant shipowner.

In *Scindia Steam Navigation Co. v. De Los Santos, supra,* a longshoreman was injured allegedly as a result of a defective ship's winch which was being operated by other longshoremen, none of whom were members of the ship's crew. The district court granted summary judgment for the shipowner, finding that, even if the condition of the winch was known to the shipowner, the condition was open and obvious to the longshoremen and the shipowner was therefore relieved from liability as a matter of law. The Ninth Circuit reversed, holding that the shipowner had a continuing duty to exercise reasonable care to discover and cor-rect any conditions posing an "unreasonable risk" of harm to longshoremen.

The Supreme Court affirmed, but adopted only a portion of the reasoning of the Court of Appeals. The Supreme Court first rejected the notion that, once loading operations had been entrusted to the stevedore, the shipowner bore a continuing duty to inspect and discover dangerous conditions. However, the Court also rejected the district court's view that the shipowner could not be liable where a danger was open and obvious to longshoremen. Without offering a precise definition of the standard of care a shipowner owes to longshoremen under LHWCA,[1] the Court stated:

> [W]hether [the defective winch] could be safely used or whether it posed an unreasonable risk of harm to ... longshoremen was a matter of judgment committed to the stevedore in the first instance. ...

> Yet it is quite possible, it seems to us, that [the stevedore's] judgment in this respect was so obviously improvident that [the shipowner], if it knew of the defect and that [the stevedore] was continuing to use it, should have realized the winch presented an unreasonable risk of harm to the longshoremen, and that in such circumstances it had a duty to intervene and repair the ship's winch. The same would be true if the defect existed from the outset and Scindia must be deemed to have been aware of its condition.

451 U.S. at ——, 101 S.Ct. at 1626.

We find that the instruction given by the district court in the instant case was clearly inadequate under *Scindia.* The instruction reflected the view, explicitly rejected in *Scindia,* that a shipowner owes no duty to longshoremen with respect to open and ob-

---

1. The Court first paraphrased the approach of the Second Circuit, which, like plaintiff's proposed instruction in the instant case, is based on § 343A of the Restatement:

   > [M]ere knowledge of the danger would not be sufficient in itself to fasten [a duty to intervene and repair] on the shipowner, but if the shipowner should anticipate that the stevedore will not or cannot correct the danger and that the longshoremen cannot avoid it, then the shipowner's duty is triggered to take steps, reasonable in the circumstances, to eliminate or neutralize the hazard.

   451 U.S. at ——, 101 S.Ct. at 1625 *citing Evans v. S. S. Campeche,* 639 F.2d 848 (2 Cir. 1981). The Court stated that it was "presently unprepared to agree that the shipowner has precisely the duty described by the Court of Appeals." 451 U.S. at ——, 101 S.Ct. at 1626.

vious dangers. The Restatement view, as embodied in the instruction requested by Harris—that a shipowner is not liable unless he should anticipate harm to longshoremen despite the obviousness of the danger—is consistent with the duty suggested by the Supreme Court in *Scindia*, although the Court did not specifically approve that precise formulation. The proffered instruction certainly provided a statement of the law sufficiently accurate to require the district court to charge it, or something similar, to the jury.[2]

There is no doubt that plaintiff was entitled to the instruction he requested. There is evidence in the record from which a jury might have concluded that an agent of shipowner was aware of the defect, was aware that work would continue and in fact instructed work to continue despite the defect, and took no action to correct it. Under a proper instruction, a jury might reasonably conclude that the winch presented an unreasonable risk of harm and that the shipowner is therefore liable for his failure to take corrective action. We must therefore conclude that the failure to give the instruction was not harmless error.[3]

REVERSED AND REMANDED.

2. We see little practical difference between the proffered instruction—imposing liability where the shipowner "should anticipate harm" to longshoremen—and that which might be constructed by drawing on the language of *Scindia*—imposing liability where the shipowner "should have realized the winch presented an unreasonable risk of harm." If anything, the *Scindia* language is more favorable to Harris than the instruction he requested.

3. In our original opinion, we rejected Harris's contention that the district court should have instructed the jury that amounts he received in workers' compensation benefits would have to be repaid to his employer out of any award he received. *Scindia* has no application to that holding.